UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:14-CR-124-PLR |
| | ) |
| WALTER DAVID BLANKENSHIP | ) |

## MEMORANDUM AND ORDER

Before the court is defendant's motion for early termination of probation. In support of his motion, defendant states he has completed more than two and one-half years of probation with no compliance issues. He is employed at Occupational Health Services, where he is practicing occupational health that does not include prescribing any narcotics. During the past two years he has completed over 200 continuing medical education hours including: "Tennessee Guidelines for Treatment of Chronic Pain;" "Controlled Substance Education for Prescribers;" "Addressing the Opioid Epidemic;" and an 8.5 hour course on "Opioid Prescribing Practices." He states that his supervising physician is pleased with his remediation, attention to detail, discernment, and medical decision making.

Last spring, defendant was given the opportunity to share his story at the State Conference for the Association of Physician Assistants. He told them of the dangers of over-prescribing and the seriousness of the opioid crises. After his comments, several professors who attended the conference asked defendant to come and speak at their respective educational institutions.

Defendant has continued in his role was a worship leader in the music ministry at Two Rivers Church. He shares his testimony with others who are facing hardships or loss as a result of bad decisions. He regularly volunteers with his children's school activities. Because of his conviction and probation status, defendant has been denied the opportunity to obtain life insurance to protect his family from financial loss; he cannot travel with his job; and he is unable to work through his church on medical mission trips to Guatemala and Mexico City. Defendant states he has learned from his past mistakes and the harm he caused persons that were in his care as well as the community. He is committed to making a difference in the lives of others moving forward.

On March 3, 2017, defendant was sentenced to three (3) years of supervised probation following his guilty plea to conspiracy to distribute Oxycodone, Morphine, Oxymorphone and Alprazolam by writing illegal prescriptions. Defendant's base offense level, after adjusting the offense level for acceptance of responsibility was 21, and his criminal history category was I, resulting in an advisory guideline range of 37 – 46 months. Defendant received a motion for substantial assistance to the government, which reduced his guideline range to 30 months. The court then granted defendant's motion for a downward departure/variance based on defendant's cooperation (including testimony at Dr. Joyner's sentencing), record of steady employment, minor role in the offense, and lack of criminal history, sentencing defendant to three years probation; thus saving defendant from a term of imprisonment. Defendant's term of probation is set to expire on March 2, 2020.

The Probation Office has informed the court that it does not object to early termination of probation. However, the government does object to early termination pointing out that defendant is asking the court to reduce his actual sentence. The government points out that defendant used his medical license to contribute to the opioid addiction epidemic and he did so for financial gain.

Defendant moves for early termination of supervised probation pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Based on the government's objection, the court denied a previous motion for early termination, but allowed defendant to refile his motion after service of two years of probation. In reviewing the current motion, defendant has shown that he is rehabilitated and is striving to serve the community he once harmed. Moreover, defendant has served approximately two years and eight months of his term of probation. Since the last review, defendant has maintained a stable residence and employment. After carefully considering defendant's rehabilitation and the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(e) do support early termination of defendant's probation. Although the government opposes the current motion, the court finds that

another four months on probation are not needed to rehabilitate this defendant. Accordingly, the motion [R. 505] is **GRANTED**, and defendant's term of probation is hereby **TERMINATED**.

The court commends defendant for his efforts to turn his life around, and wishes him success in his future endeavors.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**